IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMIE CALVIN, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 10-cv-7213 |
| ) | |
| v. ) | |
| ) | |
| ) | |
| AMERICAN FIDELITY MORTGAGE ) | Judge Sharon Johnson Coleman |
| SERVICES, INC.; BAC HOME LOANS ) | |
| SERVICING, LP.; BANK OF ) | |
| AMERICA, N.A.; and JOHN DOE, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Jimmie Calvin executed a mortgage loan agreement with American Fidelity Mortgage on December 29, 2006. On December 18, 2009, she informed American Fidelity that at the time of the mortgage, she had not received the loan disclosures required by the Truth In Lending Act, and that she desired to exercise the Act's mortgage rescission option. She sent the same notification to Bank of America and BAC Home Loans Servicing, entities who appeared to have acquired her note or interests therein after the transaction closed. None of the notice recipients honored her request, and on November 8, 2010, Calvin filed this action, seeking rescission of the mortgage, damages, and other relief. The defendants contend that Calvin's rescission claim must be dismissed as untimely. They assert that the Act's statute of repose requires a borrower to bring suit for rescission, not merely request that action, within three years of the loan's

consummation, and also argue that any action for damages under the Act must be brought within one year of the loan's closing. American Fidelity contends that Calvin's claim for damages for disclosure failures is untimely because it was subject to a one-year limitation period after the closing of the loan. The Bank of America entities argue that the Act shields them from damages liability for any violation of the Act because they acquired an interest in Calvin's loan without notice of any disclosure defect.

This court finds that the Act requires only notice of rescission, not suit, within three years, and accordingly denies the defendants' motion to dismiss the rescission claims as untimely. The court finds that Calvin's damage claims for disclosure deficiencies are time-barred, but also finds that the Act permits the award of damages for such violations if the defendants are found to have violated their rescission obligations. Finally, the court finds that the allegations of Calvin's complaint are insufficient to subject the Bank of America defendants to damages liability for their failure to rescind the mortgage.

Background

Calvin's complaint alleges that on December 29, 2006, she received a mortgage loan from American Fidelity to refinance outstanding debt, and that the loan was governed by the Truth In Lending Act, 15 U.S.C. § 1601 *et seq.* ( Complaint, Docket #1, pars. 9, 14.) The complaint further alleges that in violation of the Act's disclosure requirements, she "was not provided with any documentation of the loan." (Complaint, Docket #1, pars. 10, 21-23.) The complaint specifically notes American Fidelity's failure to provide Calvin with a disclosure statement or a notice of a right to rescind the mortgage, both of which are required by the Act.

According to the complaint, BAC Home Loans contacted her and asserted a right to

collect payments due on the loan. On December 18, 2009, her attorney contacted BAC Home Loans, one of its affiliates, Bank of America, and American Fidelity and advised them that she elected to cancel the December 2006 loan as a result of American Fidelity's failure to make disclosures under the Act. The defendants did not respond. Calvin filed this action on November 8, 2010, seeking rescission of the mortgage, damages for the initial failure to make disclosures required by the Act, damages for the failure to rescind, a requirement that the defendants delete adverse credit reports relating to the loan, and attorneys' fees.

## Timeliness of Rescission Claim

The defendants filed motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They argue that Calvin's claim for rescission is made untimely by 15 U.S.C. § 1635(f), which provides that "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . " They assert that in failing to file this action within three years of the consummation of the loan, Calvin did not assert her right to rescind as required by the Act and thus lost any right to relief. Calvin responds that the Act merely required her to notify the defendants of her intent to rescind within three years of consummation, which she did by sending the December 2009 letter.

The defendants argue that the Supreme Court resolved the issue in *Beach v. Ocwen Federal Bank,* 523 U.S. 410 (1998). But *Beach* determined only that the right to rescission expired after three years for purposes of its assertion as a defense as well as for bringing suit. 523 U.S. at 419. *Beach* did not discuss how the right must be asserted within the three-year

period.

No Seventh Circuit precedent has addressed the issue. Other courts have reached differing conclusions, some holding that the borrower must bring suit within three years (*Williams v. Wells Fargo Home Mortgage, Inc.,* 2011 WL 395978 (3rd Cir. 2011)) and others holding that only a notice to the creditor is necessary (*Stewart v. BAC Home Loans Servicing, LP,* 2011 WL 862938 (N.D. Ill. 2011)).

This court notes that the Section 1635(f) of the Act, which provides that the "right of rescission" expires three years after consummation of the loan transaction, does not define that right and does not indicate how it is to be exercised. Instead, Section 1635(f) merely extends the duration of the right of rescission when the borrower has not been informed of its existence by the creditor. The method of the right's exercise is established in Section 1635(a) of the Act, which provides:

> "[T]he obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so." 15 U.S.C. § 1635(a).

The details of the procedure for exercise of the right of rescission are thus established by regulations of the Federal Reserve Board. The Board's Regulation Z, which governs the Truth

In Lending Act, identifies the duration of the rescission right in a single paragraph that includes both the three-day and three-year duration periods. 12 C.F.R. § 226.23(a)(3). In a separate paragraph, the regulation defines how the right is to be exercised without making any distinction between the two periods:

> "To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business." 12 C.F.R. § 226.23(a)(2).

The provisions of the Act and of Regulation Z thus establish that in the three-day period triggered by required disclosures and in the three-year period applicable in the absence of such disclosures, a borrower exercises the right to rescind a loan by sending written notice to the creditor. Neither the Act nor the regulation requires that the borrower also file suit within the applicable periods when the creditor has failed to respond to the notice. Calvin's allegation of a written December 18, 2009 notice of rescission of her December 29, 2006 thus alleged a timely exercise of the rescission right under the Act.

In *Stewart v. BAC Home Loans Servicing, LP,* 2011 WL 862938 (N.D. Ill. 2011), the court held that the borrower had the right to rescind the mortgage transaction by giving her creditors notice of her intent to rescind within three years. 2011 WL 862938 at *6. The *Stewart* court, citing Section 1635(b)'s requirement that a creditor unwind the mortgage transaction within 20 days of receiving the borrower's notice, ruled that the creditor's failure to respond

5

after 20 days was a violation of the Act for which the borrower could bring suit within one year under the limitation period defined in Section 1640(e). *Stewart,* 2011 WL 862938 at *6; see also *Johnson v. Long Beach Mortgage Loan Trust 2001-4,* 451 F.Supp.2d 16, 39-41 (D.D.C. 2006). Under this analysis, Calvin's complaint, filed less than one year after the defendants' failure to respond to a valid rescission notice, is not-time barred, and the defendants have raised no persuasive argument that her complaint is governed by a shorter limitation period. The defendants' motions to dismiss Calvin's claim for rescission as untimely are therefore denied.[1]

### Timeliness of Damage Claims

As noted above, Section 1640(e) of the Act permits actions for damages for violations of its terms to be brought within one year of the alleged violation. American Fidelity, the original lender, argues that Calvin's claims for damages for any initial disclosure violations must be dismissed because her November 2010 complaint was filed well more than one year after they occurred. In response, Calvin cites Section 1635(g) of the Act, which provides: "In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind." She claims that the statute permits a borrower who invokes the longer limitation period for rescission to bring non-rescission damages claims in the same action despite the customary one-year limitation period for such actions.

Section 1635(g) does not create or extend a right to bring an action for damages. Instead, it permits the court to award damages for additional violations of the Act unrelated to

---

[1]American Fidelity also asserts that it is not a proper target of Calvin's claim for rescission because it no longer holds her mortgage. The court considers this argument to be a factual matter not properly resolved at the 12(b)(6) stage.

6

rescission following a determination that a creditor has violated the Act's rescission mandates. Nothing in the language of the provision permits the granting of such relief in the absence of a finding of a violation of the Act's rescission requirements. The court therefore rejects Calvin's claim that Section 1635(g) allows her to add otherwise untimely claims for non-rescission damages to a timely rescission claim. The one-year limitation period established by Section 1640(e) thus applies to her claims for disclosure damages and bars her attempt to assert those claims as independent rights of action alongside her claims for rescission.

Section 1635(g) is not limited to violations asserted by the borrower within the one-year limitation period of Section 1640(e). The language of the section explicitly permits the application of Section 1640 remedies for non-rescission violations in "any action" in which a rescission violation is found. Therefore, though Calvin cannot seek such remedies independently of a successful rescission claim, if that claim is successful, those remedies may be employed by the court. Calvin's claims for damages for violations of the Act unrelated to rescission are dismissed without prejudice to her right to assert the propriety of such remedies in the event of a finding that any of the defendants violated the Act's rescission provisions.

Finally, the Bank of America defendants argue that they cannot be liable for damages for failure to rescind the mortgage because the claimed deficiencies creating the right to rescission were not apparent on the face of the disclosures. They contend that the loan documentation they received included disclosures that appeared to be compliant with the Act and signed by Calvin, and their pleadings include disclosure forms that are not apparently flawed. Section 1641(a) of the Act provides that an action for violation of its provisions may be maintained against a creditor's assignee only if the violation for which the action is brought is apparent on the face of

7

the disclosure, and Calvin has not claimed that American Fidelity's alleged complete lack of loan documentation was apparent to the Bank of America assignees. On the current state of the pleadings, the Bank of America defendants cannot be liable for damages for failure to rescind the mortgage. *Bills v. BNC Mortgage, Inc.,* 502 F. Supp. 2d 773, 776-77 (N.D. Ill. 2007). Calvin's claim for damages against BAC and Bank of America is therefore dismissed. Since it is possible that Calvin could make a sufficient allegation of facial deficiency of the disclosure documents received by the Bank of America defendants, this dismissal is without prejudice. See *Fairbanks Capital Corp. v. Jenkins,* 225 F. Supp. 2d 910, 915 (N.D. Ill. 2002).

Conclusion

The defendants' motion to dismiss Calvin's claim for rescission as untimely is denied. American Fidelity's motion to dismiss as untimely Calvin's claims for damages for violation of the Act's disclosure requirements is granted without prejudice to her right to seek relief for such violations in the event her rescission claim is successful. The motion by BAC Home Loans and Bank of America for dismissal of Calvin's claims for damages for their failure to rescind the mortgage transaction is granted without prejudice to her right to replead that claim.

So ordered.

May 3, 2011

Sharon Johnson Coleman
District Judge